

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00642-CV

**IN THE INTEREST OF O.J.S.D.**, a Child

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-PA-01386
Honorable Kevin Henderson, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Patricia O. Alvarez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: November 30, 2022

APPEAL DISMISSED FOR WANT OF JURISDICTION

This is an accelerated appeal from the trial court's order of termination signed on June 2, 2022. Appellant's notice of appeal was due within twenty days after the order was signed, which was June 22, 2022. *See* TEX. R. APP. P. 26.1(b). Appellant's notice of appeal was not filed until September 29, 2022.

Because it appeared we lacked jurisdiction over this appeal, on October 11, 2022, we ordered appellant to show cause in writing no later than October 21, 2022 why this appeal should not be dismissed for lack of jurisdiction. Appellant is represented on appeal by appointed counsel Mr. Ray Lopez and Mr. Shawn Sheffield. Neither attorney filed a response to our order on appellant's behalf. On October 27, 2022, we issued a second order directing Mr. Lopez and/or Mr. Sheffield to show cause in writing no later than November 7, 2022 why this appeal should not

be dismissed for lack of jurisdiction. In this order, we cautioned counsel that a failure to respond would subject this appeal to dismissal for lack of jurisdiction.

On November 15, 2022, Mr. Sheffield filed a response contending the final order was not signed on June 2, 2022 and the "[t]rial attorney . . . stated he did not receive the Final Order until 9/20/22." Mr. Sheffield asserts the failure to timely file the notice of appeal "was due to lack of proper notice" and appellant and her appellate attorney have acted in good faith in filing the notice of appeal. The clerk's record on appeal contains a copy of the Order of Termination, which states: "This ORDER was Rendered on June 2, 2022 and then incorporated into this Type-Written Order and SIGNED ministerially on the date indicated below [Jun 02 2022]."

A motion for extension of time may have extended the time to invoke this court's jurisdiction until July 7, 2022. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). However, appellant's notice of appeal was filed on September 29, 2022. "[O]nce the period for granting a motion for extension of time . . . has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.* We also note the procedure parties may invoke to claim they received late notice of a judgment was never utilized. *See* TEX. R. CIV. P. 306a.

Although appellant responded why this court should exercise its discretion to continue with the appeal, the issue is not discretionary, and we must now dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 26.1(b); *Verburgt*, 959 S.W.2d at 617.

PER CURIAM